UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEOLIA WILLIAMS DUNN** | **CIVIL ACTION** |
| **VERSUS** | **NO:  05-4145-ILRL-SS** |
| **WASHINGTON CORRECTIONAL INSTITUTE, et al** | |

## ORDER

DEFENDANTS' MOTION TO DISMISS (Rec. doc. 29)

**DISMISSED IN PART AS MOOT, GRANTED IN PART AND DENIED IN PART**

The plaintiff, Ceolia Dunn ("Dunn"), filed a complaint in proper person against the Washington Correctional Institute ("WCI"). Rec. doc. 1. Counsel appeared for Dunn. Rec. doc. 7. A first amended complaint was filed. The defendants were WCI and James Miller, individually and in his capacity as former warden at WCI. Rec. doc. 8  The parties consented to trial before a Magistrate Judge. Rec. doc. 25. The defendants moved to dismiss the complaint. Rec. doc. 29. Dunn filed a second amended complaint that restated her allegations and identified the defendants as the State of Louisiana through the Department of Public Safety and Corrections ("DOC") and James D. Miller ("Miller"), individually and in his capacity as former Assistant Warden at WCI.

Rec. doc. 33.

The defendants seek to dismiss Dunn's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dunn is proceeding pursuant to Title VII, 42 U.S.C. § 2000e, alleging that: (1) she is an African-American female who was hired by DOC as a teacher of inmates at WCI; (2) beginning in 1995 Miller created a hostile work environment because of her race; (3) other teachers, including Miller's wife, who were Caucasian, were treated more favorably than she; (4) although she complained about the hostile environment, defendants persisted in their conduct; (5) as a result of the hostile work environment she was required to seek medical care; and (6) defendants terminated her employment under false pretenses. Dunn seeks compensable damages, punitive damages, attorneys' fees and costs. Rec. doc. 33. Attached to her complaint is a notice of right to sue from the EEOC. Rec. doc. 33-2. The charge of discrimination contends that her employer discriminated against her because of her race, age, and in retaliation for opposing employment practices that violated Title VII. Id.

Dunn's original complaint alleged violations of both Title VII and 42 U.S.C. § 1981. All reference to Section 1981 was deleted from the first and second amended complaints. Rec. docs. 8 and 33. The defendants seek dismissal of Dunn's Section 1981 claims on the following grounds: (1) sovereign immunity; (2) the claims were superceded by Title VII; and (3) there is no claim for employment discrimination under Section 1981. Inasmuch as Dunn deleted her Section 1981 claims in her amended complaints, the defendants' request for the dismissal of those claims will be dismissed as moot.

Defendants contend that Dunn's Title VII claim must be dismissed because she does not allege an adverse employment action. The defendants acknowledge that Dunn's termination was

an adverse employment action.  They argue, however, that the activity that Dunn describes as creating a hostile work environment, for example providing other teachers with new computers while refusing to provide her with one, does not rise to the level of an adverse employment action.

In <u>Ramsey v. Henderson</u>, 286 F.3d 264 (5th Cir. 2002), the Fifth Circuit said:

> A plaintiff may establish a Title VII violation based on race discrimination creating a hostile work environment.  In order to establish a hostile working environment claim, . . . (the plaintiff) must prove: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.  For harassment on the basis of race to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.
>
> In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances:  the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.

<u>Id</u>. at 268 (Citations and quotation marks omitted).

Dunn alleges that the harassment reached the point that it caused her to seek medical attention.  Rec. doc. 33 at pp. 3-4.  She alleges that while under this medical care and medical instructions not to return to work, the defendants terminated for her failure to do so.  Rec. doc. 33 at p. 4.  These allegations are sufficient to make a causal link between the alleged hostile work environment and her termination for failure to return to work.  A Rule 12(b)(6) dismissal will not be affirmed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 471, 78 S.Ct. 99, 102

(1957); see also Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir.1991).

The defendants contend that there is no liability for Miller under Title VII, because it only applies to employers. Individuals are not liable under Title VII in either their individual or official capacity. Ackel v. National Communications, Inc., 339 F.3d 376, 381 at n.1 (5th Cir. 2003). Dunn contends that pursuant to Felton v. Polles, 315 F.3d 470 (5th Cir. 2002), Miller may be held liable on a Title VII employment claim if he was indifferent to the racial discrimination practiced upon plaintiff. Dunn misreads Felton. One of the two principal issues before the Fifth Circuit in Felton was whether a state employee could assert a claim against his supervisor, in his individual capacity, for violation of Section 1981. The Court noted that its decision only concerned the summary judgment denial of qualified immunity from Sections 1981 and 1983 claims against two individuals. The plaintiff's claims pursuant to Title VII were not before the Court. Id. at 473-74. The decision even notes that liability under Title VII lies only against employers as defined by Title VII. Id. at 484. The motion to dismiss the claims asserted against Miller will be granted.

The defendants contend that Dunn may not seek an award of punitive damages against DOC. The State's liability is limited to compensatory damages. Punitive damages may not be awarded against the State or one of its entities. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 2762 (1981). Dunn has not cited any authority to the contrary.

The defendants' claim for attorneys' fees will be denied.

IT IS ORDERED that the defendants' motion to dismiss (Rec. doc. 29) is DISMISSED in PART as MOOT, GRANTED in PART and DENIED in PART as follows:

    1.    The request to dismiss Dunn's claims pursuant to 42 U.S.C. § 1981 is DISMISSED

       as MOOT.

2.      The request to dismiss Dunn's Title VII claims against Miller, in his individual and official capacity, and her claims for punitive damages against DOC is GRANTED. The action against Miller is terminated.

3.      The request to dismiss Dunn's Title VII claims against DOC is DENIED.

4.      The defendants' request for attorneys' fees for pursuit of the motion to dismiss is DENIED.

New Orleans, Louisiana, this 21st day of December, 2006.

                                                   **SALLY SHUSHAN**
                                    **United States Magistrate Judge**